THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY
OF SEDGWICK v. THE CITY OF WICHITA *et al.*

No. 11,857.    (64 Pac. 621.)

1. TAXATION — *Cities of First Class.* Section 1, chapter 260, Laws
of 1895 ((Gen. Stat. 1897, ch. 32, §§ 75, 79; Gen. Stat. 1899, § 842),
repeals so much of paragraph 6940 of the General Statutes of 1889
as provided that penalties accruing upon taxes levied in a city of
the first class, for city purposes, "should be credited to the county
fund."

2. ——— *Penalties and Interest.* As the law of this state now
stands, cities of the first class are entitled to receive from the
county treasurer of the counties in which such cities are located
their "proportion of penalties and interest" accruing upon delin-
quent taxes.

3. ——— *Board of Education.* As to taxes levied in such city
for school purposes, the penalties charged thereon, if they become
delinquent, must "be credited to the county fund," while the in-
terest must be paid over to the board of education.

Error from Sedgwick district court; D. M. DALE,
judge. Opinion filed April 6, 1901. *In banc.* Af-
firmed and modified.

*Amidon & Conly*, for plaintiff in error.

*A. E. Helm*, for defendants in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: A large amount of taxes levied
upon property within the city of Wichita, a city of the
first class, for city purposes, became delinquent.
This, together with the penalties and interest thereon,
was collected by the county treasurer of Sedgwick
county. An action was brought against the board of
county commissioners of Sedgwick county by the city
to compel the payment to it of its proportion of such
penalties and interest. The board of education of the
city of Wichita intervened in the action and claimed

that it had a right to receive the penalties and interest which had accrued on the taxes levied for school purposes. The court below found for the plaintiff and for the board of education. The board of county commissioners brings the case to this court.

The question involved is this : As between the county and a city of the first class within the county, and as between the county and the board of education of such city, which is entitled to the penalties and interest accruing upon delinquent taxes levied on property within such city for city and school purposes? This question, of course, must be solved by reference to the statutes.

Section 143 of chapter 158, General Statutes of 1897 (Gen. Stat. 1889, ¶ 6940; Gen. Stat. 1899, § 7281), being the section which provides for the addition of penalties to taxes not paid at the time the same become due, closes with these words : "Provided, all penalties shall be credited to the county fund and all rebates charged to the same fund." The county commissioners claim the penalties and interest in question under and by virtue of this provision. This section is a part of the general law on the subject of assessment and taxation, and was enacted in 1876, and must be held to determine the question in favor of the county as to *penalties* at least, unless it has been changed by subsequent legislation. It will be observed, however, that this provision applies only to *penalties*, and says nothing about interest.

By section 1 of chapter 260, Laws of 1895 (Gen. Stat. 1897, ch. 32, §§ 75, 79 ; Gen. Stat. 1899, § 842), the legislature amended paragraph 666 of the General Statutes of 1889, which paragraph is a part of the act relative to cities of the first class. This amendment,

45—62 KAN.

so far as it relates to the question at bar, is as follows :

"The county treasurer shall, on January 15, April 15, July 15 and October 15 of each year (or oftener, if required by the city council), pay over to the city treasurer all moneys and evidence of indebtedness collected for and payable to any city of the first class, *its proportion of penalties and interest*, and make a full, itemized statement thereof to the mayor and council."

It is under the provision of the italicized portion of this section that the city claims it is entitled to recover. We agree with this claim. This entire matter is one clearly for the legislature to determine, and the latest expression of the legislative will must control. While repeals by implication are not favored, and while the latest act contains no express repeal of the provision quoted from the general taxation law, it is clear that these two sections of our statute cannot stand together. There is no opportunity for any construction which will give effect to both. Either the county is entitled to these penalties, under section 143, or the city is entitled to them, under the last-quoted section, and we think it is clear that the legislature intended the latter. (*Elliott v. Lochnane and others*, 1 Kan. 126 ; *Bonifant v. Doniphan and Walker*, 3 id. 33 ; *Bartlett, Treas., v. A. T. & S. F. Rld. Co.*, 32 id. 134, 4 Pac. 178.) This construction is also consonant with the natural rights in the case. These penalties were laid upon the taxpayer to induce prompt payment of taxes when due, and as compensation to the municipality for its delay in receiving the same when due, and there is no reason apparent to us, in the absence of positive statute requiring it, why the penalties which accrue upon taxes levied for city purposes should not go to the city.

As noted, the above provision on which the county relies purports to give *only* the penalty, and does not pretend to carry interest accruing upon tax-sale certificates.  As a general proposition, interest goes to augment the fund and becomes a part of it, and is entitled to be received by the owner.  We think the court below was clearly right in adjudging that both penalties and interest on the delinquent taxes assessed for city purposes be paid over to the city treasurer.

The question, however, as to the rights of the board of education is a different one.  There is no provision to be found in the statute giving rights to the board of education like the one under which the city claims. We are left, therefore, in the solution of this question, to the provision of section 143, quoted above, which gives all penalties to the county general fund.  We are unable to see why this provision is not decisive as to the disposition of *penalties* on school taxes, for we think that the legislature may direct where such penalties shall be applied.  It need not have provided a penalty at all, but having provided one, it had the right to direct where it should go.  This direction not applying to interest upon *tax-sale certificates*, so much of such interest as would be proportional to the school tax therein would become a part of the school tax, and must be distributed with that tax, the legislature having made no other disposition of it.

The board of education urges that, inasmuch as this court has decided that penalties as well as interest become a part of the taxes, the provision of said section 143, under which the commissioners claim, is unconstitutional, because inconsistent with section 4 of article 11 of our constitution, which provides : "No tax shall be levied except in pursuance of a law, which shall distinctly state the object of the same ; to which

object only such tax shall be applied." We do not think, however, that this position is tenable.

It is true that in the cases of *The State, ex rel.*, *v. Bowker*, 4 Kan. 115, and *Kansas Pacific Rly. Co. v. Amrine, Treas.*, etc., 10 id. 318, it was held that penalties and interest become a part of the tax and must be treated in the collection thereof as the tax; but the question whether the legislature might not make disposition of such penalties, or even of interest, to other objects than that to which the tax itself was devoted was not involved or passed upon; and we hold that, in the absence of legislative disposition of penalties and interest, the same would attach to and be disposed of the same as the original tax itself. (*Smith v. City of Frankfort*, 2 Kan. App. 411, 42 Pac. 1003.) In this case, however, the legislature has otherwise disposed of the penalties accruing on school taxes, and to the extent which the court below awarded such penalties to the board of education it erred.

This case will be disposed of by affirming the judgment of the court below rendered in favor of the city of Wichita, and by modifying the judgment rendered in favor of the board of education by directing that the court enter judgment in favor of the board of education for the interest, and against it for the penalties, on school taxes. The costs of this court will be divided between the board of county commissioners and the board of education.

JOHNSTON, J. (dissenting) : The penalties upon delinquent school taxes are added to and in law become a part of the school taxes. (*The State, ex rel., v. Bowker*, 4 Kan. 114; *Kansas Pacific Rly. Co. v. Amrine*, 10 id. 318; *Smith v. City of Frankfort*, 2 Kan. App. 411, 42 Pac. 1003; *The City of Burlington v. The B. & M.*

*R. R. Co.* 41 Iowa, 134.) It may be doubted whether the legislature intended, by the proviso in section 7281 of the General Statutes of 1899, to divert school taxes raised for the payment of teachers' wages and the maintenance of schools to a wholly different object and to the use and benefit of another municipality; but if such was its intention it is entirely beyond its legislative power. (Const., art. 11, § 4; *The State v. City of Emporia,* 57 Kan. 710, 47 Pac. 833.)