No. 19,637.

MATTIE E. BROWN and MARGARET B. EDMONDSON, *Appellees*,
v. J. F. GOING and D. F. MALLORY, *Appellants*, et al.

SYLLABUS BY THE COURT.

1. TAXATION—*Tax Sale—Land Bid in by County—Tax Certificate Prematurely Issued—Tax Deed Void.* Chapter 162 of the Laws of 1891 and the amendments thereto, in effect, provide that where counties elect to come under its provisions the county treasurer shall bid off all lands therein that are advertised for sale for taxes and that no other bids shall be received, and, further, that the lands so bid off shall be subject to redemption until the expiration of the three years from the date of sale, and if not redeemed that the lands may then be disposed of by the county according to the general provisions of law. The assignment of lands so bid off and the issue of a certificate by the officers of the county one day before the period of redemption had expired as in this case, is held to have been without authority and the issuance of a tax deed based thereon is void. And, *held further*, that the record herein sufficiently shows that the act mentioned was operative in the county where the land was located and that the tax proceedings in question were had under that act.

2. SAME—*Election by County to Bid in Land at Tax Sale—Judicial Notice.* A court may take judicial notice of the adoption of the act mentioned by a county and that it was in operation there when certain tax proceedings were had.

Appeal from Shawnee district court, division No. 1; ALSTON W. DANA, judge. Opinion filed July 10, 1915. Affirmed.

*Lee Monroe, James A. McClure,* and *C. M. Monroe,* all of Topeka, for the appellants.

*J. B. Larimer,* of Topeka, for the appellees.

The opinion of the court was delivered by

JOHNSTON, C. J.: To quiet their title to a five-acre tract of land in Shawnee county, Mattie E. Brown and Margaret B. Edmondson brought this action against J. F. Going and others,

and in the district court they prevailed. An appeal is taken by Going, and it is conceded that if the tax deed under which he holds is void the judgment must be affirmed.

The validity of the defendant's tax deed hinges upon whether the certificate upon which it was based was prematurely issued. That, in turn, depends mainly on whether or not Shawnee county had adopted the provisions of chapter 162 of the Laws of 1891 (Gen. Stat. 1909, §§ 9462-9464) and the amendments thereto, and whether these provisions were operative in that county when the tax sale in question occurred and the subsequent steps were taken by the taxing officers. It appears that the land was subject to taxation for the year 1909, and that the taxes thereon were not paid. On September 6, 1910, the land was sold or bid off by the county for $4.53, the unpaid taxes for the preceding year. On September 6, 1913, one day less than the prescribed period of redemption, the treasurer of the county issued a certificate to J. F. Going which purported to assign the interest of the county to him for $19.60. Three days later, on the presentation of the certificate, the tax deed was issued.

The above-mentioned act, in effect, provides that counties may adopt its provisions, and that where it is adopted all lands advertised for sale for taxes shall be bid off by the county and shall be held by it until the expiration of three years from the date of sale, that such lands shall be subject to redemption by the owners, heirs, executors, administrators and assigns, and those holding certain mortgage interests, and that if at the end of three years the land has not been redeemed the county commissioners shall dispose of it under the general provisions of law. (Laws 1891, ch. 162, § 3, Gen. Stat. 1909, § 9464; Laws 1911, ch. 326, § 1; Laws 1913, ch. 324, § 1.) As stated, the officers did not wait until the end of three years from the day of sale to assign and dispose of the land but issued a certificate of assignment one day before the period of redemption had expired. It is contended that the abstract does not show that the provisions of the law referred to had been adopted by Shawnee county. In the abstract appears a colloquy between counsel for the parties in which admissions were made and facts agreed to, and in speaking of the sale it was said:

"Mr. AUSTIN: It is stated that this tax deed—the sale recited in there is the sale of September 6, 1910.

"The Court: For the taxes of 1909.

"Mr. Austin: 1909, and the law provides—Section 9464—that in counties such as this county electing to take under a certain statute all lands sold or bid off by the county—"

Here there is a break in the record. It is followed by:

"Mr. Monroe: Remaining.

"Mr. Austin: Remaining."

In the counter-abstract it is said that Mr. Austin's statement was that:

"Section 9464 of the General Statutes 1909, was in force in Shawnee county, Kansas, on September 6, 1910, and had continued in force ever since."

The transcript of the record has been brought before us and according to it the statement relating to the adoption of the act is not complete and is substantially as stated in defendant's abstract. While the statement on the subject in the record is unfinished it expressly refers to the particular section which provides that counties may elect to operate under the law and may bid off all lands advertised to be sold for taxes for the amount of the taxes, and further, that no bids from others shall be accepted. After designating this statute under which counties may elect to take all lands sold or bid off for taxes by the county the statement, in effect, is that an election has been had in Shawnee county. Although the statement of admission is incomplete it was evidently intended to show and is deemed to be sufficient to show that the act in question was in force in the county. Aside from that, it was competent for the court to take judicial notice of all general laws that are in operation, and it may likewise take notice of the adoption of a general law in a district. It has been decided that the court might take judicial notice that this particular statute was in force in one of the counties of the state at the time when a particular tax sale occurred. (*Saum v. Dewey*, 84 Kan. 811, 115 Pac. 570.) The district court having power to take judicial notice that the law had been adopted in the county appears to have proceeded upon the theory that it was in operation in Shawnee county and the recitals in the tax deed that was issued are to that effect.

It is said that the deed was not executed and delivered until after the period of redemption had expired, but the assignment

was made and the certificate issued to the defendant before the period of redemption had expired, and this certificate, which was void, was the basis of the deed which was subsequently issued. The assignment and the certificate being void the deed itself was void.

It follows that the judgment of the district court must be affirmed.