No. 23,969.

THE CITY OF ANTHONY, *Plaintiff*, v. C. D. CUTLER, as County Treasurer of the County of Harper, et al., *Defendants*.

SYLLABUS BY THE COURT.

MANDAMUS—*Taxation—Liability of County for Its Quota of Taxes on Lands Bid in by County at Tax Sale.* When, at a tax sale of real property, the county treasurer bids in the property in the name of the county (whether the tax sale was conducted in accordance with the general provisions of the statutes relating to such sales, or in accordance with chapter 162 of the Laws of 1891, or chapter 288 of the Laws of 1921) the county is not required to pay to a city, or other taxing district, within the county, its quota of the taxes on the real property so bid in until the county receives the money in its treasury.

Original proceeding in mandamus. Opinion filed November 10, 1923. Judgment for defendants.

*H. O. Davis,* city attorney, *E. C. Wilcox,* and *Donald Muir,* both of Anthony, for the plaintiff.

*Vernon Day,* of Anthony, *Bennett R. Wheeler, S. M. Brewster,* and *John L. Hunt,* all of Topeka, for the defendant.

The opinion of the court was delivered by

HARVEY, J.: This is an original proceeding in mandamus. In 1905 the board of county commissioners of Harper county, by resolution adopted the provisions of chapter 162 of the Laws of 1891 (Gen. Stat. 1915, §§ 11431, 11432, 11433), pertaining to tax sales of real property, doing away with competitive bidding at such sales and authorizing the county treasurer to bid in the property in the name of the county. In 1921 the legislature repealed chapter 162 of the Laws of 1891 and enacted a similar statute, though differing in essential details (Laws 1921, ch. 288). The state tax commission which has general supervision over the administration of the assessments and taxation in this state and over all public officers having anything to do with assessments and taxation, and which is charged with the duty to advise such officers of their rights and duties under the state law (Gen. Stat. 1915, § 11299), construing the two statutes, concluded that any county desiring to continue the practice of having the county treasurer bid in real property offered at tax sale in the name of the county, or to avail itself of that practice, must adopt a resolution specifically accepting and adopting for

that county the provisions of chapter 288 of the Laws of 1921, and so notified the county clerks throughout the state. The commissioners of Harper county did not adopt a resolution accepting and adopting the provisions of chapter 288 of the Laws of 1921 but at the sale of real property for delinquent taxes in September of that year the county treasurer did bid in all real property offered for sale in the name of the county and so entered his procedure upon his books. There had been considerable paving done in the city of Anthony and the cost thereof assessed to lots and tracts of land in the city as provided by law. Because of that and other reasons many lots and tracts of land in the city of Anthony were offered for sale by the county treasurer at the tax sale in 1921 and bid in by him in the name of the county. By this proceeding the city seeks to compel the county to pay to it the city taxes, including paving tax, and amounting to about $5,000, on the lots and tracts of land in the city so bid in by the county treasurer at such sale. The proceeding was originally brought against the county treasurer, who attempted to comply with the alternative writ by giving the city credit on his books for the amount of the city tax. Then the board of county commissioners intervened and sought to defend the proceeding and the entry crediting the city with the taxes was canceled.

There are discussed some questions as to the state of the pleadings and the rights of the parties at the various stages of the litigation. Some testimony was taken and some controversies arise as to just what was done and why it was done and as to practices in the past. None of these matters need to be especially noted for the real party defendant here is the board of county commissioners and the real question for determination is, when a county treasurer bids in real property at a tax sale in the name of the county is a city (or any other municipality or taxing district) within the county entitled to have its taxes paid to it by the county before the county collects the money from the property?

Considering the question first without reference to the effect of chapter 162 of the Laws of 1891 or chapter 288 of the Laws of 1921, it was definitely decided early in the history of this state in *Guittard Tp. v. Marshall Co.*, 4 Kan. 388, that "A county is not liable to a township for its quota of taxes until the amount is paid into the treasury." (syl.) An examination of that case shows that the statutes then in effect and considered by the court concerning the bid-

ding in by the county treasurer in the name of the county of lands offered for tax sale, where there were no other bidders, is in effect the same as our present statute, so the case is directly in point on that question.

In *The State, ex rel., v. County Commissioners,* 1 Kan. 479, 487, in construing similar provisions of an earlier act, it was held that where lands were bid off by the county treasurer in the name of the county that the taxes were in due course of collection. In *Morrill v. Douglass,* 14 Kan. 293, 306, it was said:

"Though the property which cannot be sold to individuals at a tax sale is struck off to the county, it does not become thereby, like ordinary property of the county, subject to the control of the commissioners. If the purchase was an absolute purchase by the county, with a view of acquiring a perfect title, it would seem to follow that the county should be responsible to the townships, school-districts, and the state for their proportion of the taxes upon the property purchased, and that the county should be permitted, as a result of its purchase, to subsequently obtain a deed. But see, to the contrary, *Judd v. Driver,* 1 Kan. 455; *State v. Comm'rs of Atchison Co.,* 1 Kan. 479; *State v. Magill,* supra; *Guittard Township v. Comm'rs of Marshall Co.,* 4 Kan. 389; *Sapp v. Morrill,* 8 Kan. 677; *Tarr v. Haughey,* 5 Kan. 626."

No change has ever been made in the statute nor in the decision of this court upon that question. Hence it has been the law in this state since the organization of our state government, that, under the general provisions of the statute by which the county treasurer bids in real property at a tax sale in the name of the county, the county is not liable to townships or other subordinate taxing districts within the county for their respective portions of the taxes until the county has received the money. There is nothing in the wording of chapter 162 of the Laws of 1891, nor in chapter 288 of the Laws of 1921 to change this rule. In fact, neither of those statutes say anything about the disbursement of taxes. Counsel argue that by the adoption of the statute last referred to the county prohibits competitive bidding and that a different rule should apply. This might be a good argument to the legislature to induce it to pass an act changing this rule (though even that may be doubted), but it would not be a sufficient reason for this court so holding. Whether the action be taken under the general law or under one of the special statutes above mentioned, the bidding in of the property by the county treasurer in the name of the county is simply one of the provisions of the general scheme for the collection of taxes and does not have the effect of making the county immediately liable to the respective

subordinate taxing districts within the county for the portion of the taxes due them. An analysis of many of the sections of our statute relating to taxation might be made in harmony with this view, but we do not regard it as necessary.

Judgment will be entered for defendant.