No. 24,966.

THE BOARD OF EDUCATION OF THE CITY OF KANSAS CITY, *Appellee,* v. SAMUEL STEWART, as County Treasurer (GEORGE I. GRIFFITH, substituted) and THE BOARD OF COUNTY COMMISSIONERS, of the County of Wyandotte, *Appellants.*

SYLLABUS BY THE COURT.

TAXATION—*Delinquent Taxes—Land Bid in by County—Taxes With Interest Collected—Distribution of Interest—Mandamus.* When real property is sold for taxes and bid in by the county treasurer in the name of the county, and the county thereafter collects the taxes with interest from the date of the sale, in the absence of a statute making any other disposition of it the interest becomes a part of the taxes and should be disbursed to the several taxing districts in the same proportion as the taxes are disbursed.

Appeal from Wyandotte district court, division No. 2; FRANK D. HUTCHINGS, judge. Opinion filed May 10, 1924. Affirmed.

*J. H. Brady,* county counselor, and *T. F. Railsback,* of Kansas City, for the appellants.

*J. O. Emerson,* and *David J. Smith,* both of Kansas City, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: This is a mandamus proceeding by the board of education of the city of Kansas City against the county treasurer and board of county commissioners of Wyandotte county to compel de-

fendant to pay plaintiff interest collected on delinquent taxes. Judgment was for plaintiff and defendants have appealed.

During all the time for which interest was claimed the county had adopted and was operating under chapter 162 of the Laws of 1891 and chapter 288 of the Laws of 1921 (R. S. 79-2324 to 79-2326), by which real property advertised for sale for delinquent taxes was bid off by the county treasurer in the name of the county. Under such circumstances the taxes draw interest at the rate of 15 per cent per annum from the date of sale until the taxes are paid. (R. S. 79-2401.) During the years in question the county had collected upon taxes due the plaintiff interest to the amount of $19,-170.89 which was held by the defendants and not disbursed to plaintiff. It is this interest which the plaintiff seeks to have paid over to it by this proceeding. The plaintiff's right to this money seems to be settled by the decision of this court in *Sedgwick County v. Wichita,* 62 Kan. 704, syl. ¶ 3, 64 Pac. 621, and *Smith v. City of Frankfort,* 2 Kan. App. 411. Appellants obviously confuse this interest with the penalties provided for by R. S. 79-2004, but no effort is made in this proceeding to recover such penalty. All plaintiff is asking to recover is interest which has accrued since the sale. It seems to be well settled in this state and elsewhere that in the absence of some statute making different disposition of it—and no such statute is cited by appellant in this case—the interest on delinquent taxes due a municipality when the tax and interest are collected goes to the municipality with the tax.

In 37 Cyc. 1594 the rule is thus stated:

"Unless otherwise directed, interest, penalties, and costs collected on delinquent taxes follow the tax, and go to the state, county, or city, according as the one or the other is entitled to the tax itself; and in cases where two or more of these are interested in the tax, such interest and penalties should be apportioned among them in the ratio of their respective shares of the tax. But the legislature may change this rule and dispose otherwise of interest or penalties."

The judgment of the court below is affirmed.