No. 30,277.

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF CRAWFORD, *Appellee,* v. H. H. RADLEY et al., *Appellees.* THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF CRAWFORD, *Appellee,* v. FRANK WETZEL et al., *Appellees,* and J. H. BEASLEY, *Appellant.*

(8 P. 2d 386.)

Opinion filed March 5, 1932.

*P. Louis Zickgraf,* of Pittsburg, for the appellant; *A. J. Curran,* of Pittsburg, of counsel. *Robert S. Lemon,* county attorney, and *T. J. Karr,* deputy county attorney, for Crawford County.

*M. B. Munson, Caroline A. Lowe, P. E. Nulton, F. B. Wheeler* and *W. J. True,* all of Pittsburg, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: This appeal is in two tax-foreclosure actions under R. S. 79-2801 in Crawford county, brought by the board of county commissioners against the owners of eighty-four properties in one case and one hundred and twenty-six in the other, making a total of two hundred and ten distinct lots or properties. The rulings and orders of the trial court on motions of six defendants to set aside the judgments as void for want of jurisdiction and to set aside the sheriff's sales, decrees of confirmation and sheriff's deeds are involved. These motions were filed after sheriff's deeds had been issued and recorded. Evidence was introduced on the motions and full hearing had, after which the court sustained two of such motions in full because of misdescription of the property intended. The other four motions were sustained to the extent of setting aside the sheriff's sales, decrees of confirmation and sheriff's deeds as far as their property was concerned and overruled them as to setting aside the judgments. The court then, on its own motion, set aside all the other sales made by the sheriff, the confirmation of them and the sheriff's deeds. From these rulings setting aside the sheriff's sales, the decrees of confirmation and the sheriff's deeds the purchaser of much of the property, J. H. Beasley, appeals; and from the order refusing to set aside the judgments the four defendants file a cross-appeal under the provisions of R. S. 60-3314. These two cases were consolidated near the close of the litigation in the trial court and come here on appeal as one case.

The motions of the six defendants, as far as they relate to the setting aside of the judgment, are under the provisions of R. S. 60-3009 and are only on the ground that the judgment is void for want of jurisdiction. Of course, it is not a collateral attack as it is in the same action and between the original parties plaintiff and defendant. The point is raised by the appellant that because the motions contain both jurisdictional and nonjurisdictional grounds they amount to an appearance of the defendants, but appearance in the same case in which the judgment was rendered will not make a judgment valid if it is in fact void on other grounds than jurisdiction of parties defendant; besides, most of the six defendants, if not all of them, were personally served with summons and made default, so they cannot avoid the question of appearance. The authorities cited on this proposition concerned jurisdiction of parties.

The points on which the appellees claim the court lacked jurisdiction concern the authority and power of the court to hear and try the case. Appellant urges that because all the land involved is located in Crawford county that the court has jurisdiction of the subject matter and cites some authorities limiting jurisdictional matter to parties and subject matter. One of such citations recognizes the existence of an additional ground by stating, "With a few exceptions want of jurisdiction is of two kinds, jurisdiction of the parties and of the subject matter." (*Skaer v. Capsey*, 127 Kan. 383, 386, 273 Pac. 464.) 33 C. J. 1074 specifies three kinds of jurisdiction—of person, subject matter and question determined or relief granted, and then defines the latter two as follows:

"Even with full jurisdiction over the parties, no court can render a valid judgment unless it also has jurisdiction over the subject matter of the litigation or the cause of action. A judgment is wholly void in cases where the subject matter is withheld from the jurisdiction of the particular court, or is placed within the exclusive jurisdiction of another court, or where the jurisdiction depends upon a statute which was repealed before suit. Jurisdiction of the subject matter may depend upon the place where the cause of action accrued, or the location of the subject matter, and upon whether or not the action is local or transitory. . . .

"In addition to jurisdiction of the parties and the subject matter, it is necessary to the validity of a judgment that the court should have jurisdiction of the question which its judgment assumes to decide, and jurisdiction to render a judgment for the particular remedy or relief which the judgment undertakes to grant." (33 C. J. 1075, 1076.)

It may be that the questions here involved as to jurisdiction may

come within the definition of subject matter, and if not, it will surely be included within the third ground or questions determined. The question of jurisdiction will not in any way be settled by the correctness of the decision reached by the trial court upon the issues involved, but the court must have authority and jurisdiction to render a judgment for the particular remedy .or relief which it undertakes to grant.

The two points here urged by appellees as to want of jurisdiction in the trial court are: first, the failure of Crawford county to adopt the provisions of chapter 288 of the Laws of 1921, yet the county advertised that the county treasurer would buy for Crawford county the lands subject to sale for delinquent taxes and did so buy without competitive bidding and consequently without any legal authority whatever; and, second, by including the delinquent taxes in the judgment for the recent years for which the property had not been sold for taxes for the period of three and one-fourth years, as required by statute. (R. S. 79-2801.)

Prior to the enactment of chapter 162 of the Laws of 1891 the only way to sell property in this state for delinquent taxes was by public auction, at which the county treasurer was required to bid off in the name of the county when it could not be sold for the amount of taxes (R. S. 79-2311). By the law of 1891 any county could, by adopting a specified resolution, avail itself of the privilege of avoiding the public auction and bid off the land in the name of the county. The evidence shows that the board of county commissioners of Crawford county adopted such resolution and acted under this provision until this law was repealed by chapter 288 of the Laws of 1921 (R. S. 79-2324 to 79-2326). The following is the beginning of section 1 of this new act:

"The provisions of this act shall apply only to such counties in this state as shall, by resolution of their respective boards of commissioners, duly accept and adopt the same. Said resolution shall, in writing, be substantially as follows: 'Resolved, That this county accept and adopt the provisions of the act of the legislature of 1921, entitled "An act regulating the sale of real estate for delinquent taxes, in such counties as shall accept and adopt the provisions of this act." ' "

This act is not an amendment of chapter 162 of the Laws of 1891, and no mention is made in the new law of the old law except for the purpose of repealing it.

The evidence shows that the county treasurer of Crawford county advertised the land in that county subject to sale for delinquent taxes not for sale, but to be bid off by the county treasurer for the county for the delinquent taxes for the years 1924, 1925, 1926 and 1927. The appropriate and required resolution was adopted by the board of county commissioners of Crawford county on August 27, 1928. The first of the two petitions began with delinquent taxes of the year 1924 and included taxes scheduled for the year 1928 and interest to September 1, 1929, and judgment was rendered in this case on June 3, 1930. The second petition began with delinquent taxes for the year 1925 and included taxes scheduled for the year 1929 and interest to September 7, 1929, and the judgment was rendered on June 11, 1930. The notices of the sales for delinquent taxes every year during this period from 1925 to 1929 show that the county treasurer would on the first Tuesday of September buy for Crawford county the lands on which the taxes were delinquent, although Crawford county had not elected to come under the new law until August 27, 1928, and it cannot be claimed it continued to operate under the old law, which had been repealed in 1921.

The petitions are broad enough to permit the argument that the county might have bid in the land at an auction sale for want of other bidders, but the findings of the trial court in the journal entry of judgment remove all doubt in that regard by stating that the county treasurer had duly advertised that the lands would be bid off in the name of the county, and on the day of the sale they were bid off in the name of the county. The journal entries necessarily limit the tax-sale proceedings to the provisions of chapter 288 of the Laws of 1921 (R. S. 79-2324 to 79-2326), which had not been adopted in Crawford county until after all these sales were had. It was said concerning the adoption of the old law of 1891 in Shawnee county that—

"A court may take judicial notice of the adoption of the act mentioned by a county and that it was in operation there when certain tax proceedings were had." (*Brown v. Going*, 96 Kan. 266, syl. ¶ 2, 150 Pac. 554.)

But judicial notice is not conclusive, it simply relieves the party in whose favor it is held from the burden of proving the existence of such matter.

"That a matter is judicially noticed means merely that it is taken as true without the offering of evidence by the party who should ordinarily have done so. But the opponent is not prevented from disputing the matter by evidence,

if he believes it disputable." (5 Wigmore on Evidence, 2d ed., 570. See, also, 15 R. C. L. 1063, and 23 C. J. 173.)

Appellant cites the following three early cases involving judgments in tax cases very similar to these to show that the jurisdiction of the trial court was complete and the judgment could not be attacked, viz., *Pritchard .v. Madren,* 24 Kan. 486; *English v. Woodman,* 40 Kan. 412, 20 Pac. 262; and *McGregor v. Morrow,* 40 Kan. 730, 21 Pac. 157; but two of those cases were actions to quiet title and the other was to recover possession after judgment in separate cases had been rendered and deeds issued, and all are definitely and properly based on the ground that the attacks were collateral. In none of the many cases cited do we find the court refusing to recognize and consider a direct attack upon the jurisdiction of the court to render the judgment and grant the relief it did, when the attack is made in the same case and by some of the original parties thereto within a reasonable time after the rendition of the judgment. The attack on the jurisdiction of the court in these cases is not collateral.

"A collateral attack upon a judgment has been defined to mean any proceeding in which the integrity of a judgment is challenged, except those made in the action wherein the judgment is rendered or by appeal, and except suits brought to obtain decrees declaring judgments to be void *ab initio*." (15 R. C. L. 838.)

"A collateral attack is an attempt to impeach the judgment by matters *dehors* the record, in an action other than that in which it was rendered; an attempt to avoid, defeat, or evade it, or deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking it . . ." (34 C. J. 521.)

If these two judgments lack any essential element upon which their validity depends they are absolutely void. (34 C. J. 509.) It was essential that there be a statute authorizing the county to bid off in the name of the county lands on which the taxes were delinquent, and since that law as enacted (Laws 1921, ch. 288) required that to be effective and operative anywhere in the state a specific resolution adopting it must be passed, such resolution is essential to its application in Crawford county. Without its adoption in Crawford county the court was without jurisdiction to enforce it and grant relief under its provisions to the same extent as if it had never been enacted. The attempt of the county treasurer to bid off the lands subject to delinquent taxes was for all these years without authority and a mere nullity.

The case of *Ness County v. Light & Ice Co.*, 110 Kan. 501, 204 Pac. 536, was a subsequent action based upon a judgment in a tax foreclosure case, and the court held:

"The entire subject of taxation is statutory; the method prescribed for the recovery of delinquent taxes is statutory, and it does not exist apart from the statute." (Syl. ¶ 2.)

In *Warner v. Pile*, 105 Kan. 724, 185 Pac. 1041, it was held that a county bidding in land for delinquent taxes under the old law of 1891 does not become a purchaser as a third party does at an ordinary sale.

The case of *City of Anthony v. Harper County*, 114 Kan. 510, 220 Pac. 209, was a mandamus action against the board of county commissioners of Harper county where the county had failed to adopt by resolution the provisions of chapter 288 of the Laws of 1921, but the ruling therein was not upon this point, as the case only involved the question of distribution of the proceeds of the sale. However, it was there said concerning the adoption of this law:

"In 1921 the legislature repealed chapter 162 of the Laws of 1891 and enacted a similar statute, though differing in essential details (Laws 1921, ch. 288). The state tax commission which has general supervision over the administration of the assessments and taxation in this state and over all public officers having anything to do with assessments and taxation, and which is charged with the duty to advise such officers of their rights and duties under the state law (Gen. Stat. 1915, § 11299), construing the two statutes, concluded that any county desiring to continue the practice of having the county treasurer bid in real property offered at tax sale in the name of the county, or to avail itself of that practice, must adopt a resolution specifically accepting and adopting for that county the provisions of chapter 288 of the Laws of 1921, and so notified the county clerks throughout the state." (See, also, *Board of Education v. Wyandotte County*, 116 Kan. 38, 225 Pac. 1063.)

Having reached the conclusion that the judgments are void for want of jurisdiction in the trial court to render judgment and grant relief by foreclosing tax liens of the county on land bid in by the county where the county had no legal right or authority to bid in property, it will serve no good purpose to consider or decide the many other questions raised and ably discussed in the briefs as to the setting aside of the sheriff's sales, the decrees of confirmation and the sheriff's deeds. If the judgments are void it follows that all subsequent proceedings based thereon should be set aside, although for different reasons than those for which the trial court set them aside.

The appellant presented its view of the jurisdictional question under several different assignments of error; objection to the introduction of evidence, overruling demurrer to evidence of defendants and overruling motion for a new trial, as well as upon the question directly, and the argument and authorities under these separate assignments of error have received full consideration in connection with what we regarded as the main question involved.

The judgments are reversed as void for want of jurisdiction.

DAWSON, J., dissenting from the second paragraph of the syllabus.

SMITH, J., dissenting from the second and third paragraphs of the syllabus and corresponding portions of the opinion.