No. 32,750

George H. Dieterich, *Appellant,* v. S. M. Knox, *Appellee.*

(56 P. 2d 65)

Opinion filed April 11, 1936.

*Kenneth H. Foust,* of Iola, for the appellant.

*S. A. Gard,* of Iola, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This was an action in ejectment. The trial court sustained a demurrer to the petition. Plaintiff has appealed.

In his petition plaintiff alleged that he is the owner and entitled to the immediate possession of certain described real property, and that his ownership is predicated on a certain tax deed, a copy of which was attached to the petition and made a part thereof. The question raised by the demurrer is the validity of the tax deed on its face. The tax deed in question is not in the regular form set out in R. S. 79-2501, but is a "compromise payment form" such as R. S. 1933 Supp. 79-2411 purports to authorize. This statute, among other things, provides that no deed shall be issued upon any certificate authorized to be issued and assigned by the statute until "six months after such assignment has been made." The deed shows on its face that the certificate was issued and assigned the same day the tax deed was issued. Hence, the deed is void. (*James v. Manning,* 79 Kan. 830, 101 Pac. 628.)

Further, it is argued in support of the ruling of the trial court that under chapter 120 of the Laws of 1933 Special Session, the holder of the record title to the land, his heirs, executors, administrators or assigns, had until January 1, 1935, in which to pay the

delinquent taxes without being required to pay any of the penalties, cost, expenses or interest now charged, or chargeable, against the land. The deed in question shows on its face that it was issued not only for taxes which had been charged against the land, but it included $279.35 interest, fees and penalties. When the holder of property is given a fixed time by statute in which to pay his taxes without interest, penalties and other charges, a tax deed issued prior to that date, and which includes those items, is void on its face. Indeed, the owner has even all of the last day fixed by statute in which to pay. (*Brown v. Going,* 96 Kan. 266, 150 Pac. 554.)

Appellant points out that chapter 120 of the Laws of 1933 Special Session, does not say anything about when tax deeds shall issue. R. S. 79-2501 provided that a tax deed might issue after three years from the date on which the property was sold for taxes. By section 7 of chapter 312 of the Laws of 1933, that time was made four years. The deed shows the land was sold September 2, 1930, for the taxes in 1929, and that there was properly endorsed the taxes for 1930 and 1931. The deed was dated September 4, 1934. Appellant argues that since the deed was issued more than four years after the sale of the property for taxes the deed should not be adjudged invalid even though the owner of the real property had until January 1, 1935, in which to pay the taxes without penalties, interest and other charges. We cannot give our consent to this view. Both statutes must be given effect. To do so the deed must be issued more than four years after the sale of the property for taxes and after the owner's special time to redeem without payment of interest, penalties or other charges had expired.

We find no error in the record. The judgment of the court below is affirmed.