No. 34,246

THE BOARD OF EDUCATION OF THE CITY OF OTTAWA, *Appellee*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF FRANKLIN, D. W. BATDORF, E. E. CROUCH and E. N. HEINLEIN, as County Commissioners, and LEILA E. STILES, as Treasurer, etc., *Appellants*.

(89 P. 2d 841)

Opinion filed May 6, 1939.

*John B. Pierson,* of Ottawa, for the appellants.

*Fred M. Harris* and *Basil W. Kelsey,* both of Ottawa, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for the recovery of money representing interest collected upon taxes levied by the board of education of the city of Ottawa, which interest had accrued from the date when the property upon which the taxes were levied was advertised and sold and bid in by the treasurer of Franklin county, to the time when it was redeemed from sale. The defendants demurred to the petition on the ground that it did not state facts sufficient to constitute a cause of action. This demurrer was overruled, and defendants appeal.

The petition, after setting up the official capacity of the parties, alleged that during the years 1932, 1933, 1934 and 1935 the plaintiff levied taxes on all the real and personal property located in the district; that these levies were certified to the county treasurer for collection and disbursement; that the owners of certain property failed

to pay these taxes when they became due and the property was advertised and bid off by the county treasurer in the name of the county, in accordance with G. S. 1935, 79-2325, the provisions of that statute having been adopted by resolution of the defendant board of county commissioners. The petition further alleged that at various times the owner of such real property redeemed it by paying the amount charged against the property, including interest accruing from the time when the property was bid in by the county to the time when it was redeemed.

The action was brought to recover this interest that was collected by the county treasurer upon the taxes assessed by the board of education from the date when the property was bid in by the county treasurer to the time when the property was redeemed from sale.

There is no dispute about the facts. The trial court held that the petition stated a cause of action and overruled the demurrer of defendants to the petition. Hence this appeal.

At the outset the defendants concede that in the absence of some statute making a different disposition of it, the interest on delinquent taxes due a municipality when the interest and taxes are collected goes to the municipality with the taxes. (See *Board of Education v. Wyandotte County*, 116 Kan. 38, 225 Pac. 1063.) The above case was decided in 1924. The opinion refers to R. S. 79-2004. At the time that opinion was written R. S. 79-2004 provided that any person might at his option pay the full amount of taxes on or before the 20th of December, or one-half of the taxes on or before the same date and the remaining half on or before the 20th day of June, and that if any of the first half of the taxes remained unpaid after the 21st of December the whole amount should be collected, as provided by law, and all taxes due and unpaid on the 21st of December of any year should be subject to have added to it a penalty of five percent. The balance of the statute dealt with further penalties. The section also contained a proviso, as follows:

"Provided, all penalties shall be credited to the county fund."

In the opinion in *Board of Education v. Wyandotte County*, supra, this court noted that the defendants in that case relied upon R. S. 79-2004, but this court stated that the action was not brought to recover penalties provided under that statute. This court said:

"All plaintiff is asking to recover is interest which has accrued since the sale."

There is very little to distinguish this case from the above.

At the session of 1933, R. S. 79-2004 was amended. Section 1 of chapter 310 of the Laws of 1933 is now G. S. 1935, 79-2004 (since amended). It reads as follows:

"That any person charged with taxes on the tax books in the hands of the county treasurer may at his option pay the full amount thereon on or before the twentieth day of December of each year, or the one-half thereof on or before the twentieth day of December and the remaining one-half thereof on or before the twentieth day of June next ensuing. Any person paying his taxes in full on or before December twentieth of any year shall have a discount of two percent upon the last half of the tax so paid, and such discount shall be deducted from the tax paid and shall be charged against the county general fund. In case the said first half of said taxes remain unpaid after the twentieth day of December, said first half of said tax shall draw interest at the rate of ten percent per annum, and may be paid at any time prior to June twentieth following by paying said one-half of tax together with interest at above rate from December twentieth to date of payment. And all taxes of the preceding year and accrued interest thereon which shall remain due and unpaid on June twenty-first shall draw interest at the rate of ten percent per annum from June twentieth until paid, or land sold for taxes as provided by law: *Provided,* All interest herein provided shall be credited to the county general fund, and that whenever any such interest is paid the county treasurer shall enter the amount of interest so paid on the tax rolls in the proper column and charge himself with such sum: *Provided,* That this act shall apply to the taxes for the year 1932, and that the county treasurer of the several counties of the state shall accept payment of the 1932 taxes in accordance with this act."

It will be noted that the act was changed somewhat so that one who paid all his taxes on December 20 would be rewarded with a discount, and if he were late he would be charged interest.

Defendants rely on the provision at the latter part of the section that "interest herein provided shall be credited to the county general fund."

. Plaintiff insists that the entire section must be considered, and especially the following provision:

"And all taxes of the preceding year and accrued interest thereon which shall remain due and unpaid on June twenty-first shall draw interest at the rate of ten percent per annum from June twentieth until paid, or land sold for taxes as provided by law." (G. S. 1935, 79-2004.)

It will be noted that the taxes are to draw interest until paid or the land sold for taxes. The next provision provides that the interest provided for therein shall be credited to the county general fund. Obviously the interest provided for therein is the interest charged on taxes from the date when due until the land is sold. This action is brought for interest on taxes from the time the land is sold until it

is redeemed. The general subject with which the provisions of G. S. 1935, 79-2004, deal is the payment of taxes for the current year, and the disposition of the interest on unpaid taxes from the time when they should have been paid until the land is sold. This section was originally section 91 of chapter 34 of the Laws of 1876. That chapter dealt with the whole taxation, but section 91 made no reference to interest, but only spoke of penalties. The subject of interest was not dealt with until 1933.

Throughout all the legislative history of the subject of taxation, however, there has been a provision for the sale of property to collect taxes. G. S. 1935, 79-2301, provides that property on which the taxes have not been paid by June 20 in each year is subject to sale. Sections following provide for sale by a certain date. G. S. 1935, 79-2313, provides that when land is sold a certificate of purchase shall be issued to the purchaser.

G. S. 1935, 79-2325, was enacted as section 2 of chapter 288 of the Laws of 1921. It provides that in counties adopting its provisions when land is sold for taxes it shall be bid in by the county treasurer in the name of the county for the amount of the delinquent taxes and the legal charges thereon, which in this case would include the taxes provided for in G. S. 1935, 79-2004. G. S. 1935, 79-2326, then provides that for four years the land can only be redeemed from the sale by the owner, his heirs, executors, administrators, or other legal representative, assigns, or mortgagee of the land. This act has been adopted in Franklin county and was in effect there at all the times with which we are concerned.

G. S. 1935, 79-2401, provides that any owner may redeem his property from sale for taxes "by paying to the treasurer of the county where such land was sold, for the use of the purchaser . . . the amount for which said land was sold, and all subsequent taxes and charges thereon paid by the purchaser . . . with interest at the rate of ten percent per annum on the amount of the purchase money of sale." This is the interest for which this action is brought. A careful examination of all the statutes on the subject has convinced us that the "land sold for taxes" referred to in G. S. 1935, 79-2004, is the sale provided for in G. S. 1935, 79-2301 to 79-2326, inclusive, and that the interest which G. S. 1935, 79-2004, directs must be paid to the county general fund is the interest on unpaid taxes until the date of the sale. It follows that the petition stated a cause of action against defendants.

The judgment of the trial court is affirmed.