No. 40,002

The Hitch Land & Cattle Company, a Corporation, *Appellee,* v. The Board of County Commissioners of the County of Seward, State of Kansas, *Appellant.*

(295 P. 2d 640)

Opinion filed April 7, 1956.

*Maxine Wood,* of Liberal, argued the cause and was on the briefs for the appellant.

*James R. Yoxall,* of Liberal, argued the cause, and *Auburn G. Light,* also of Liberal, was with him on the briefs for the appellee.

*Paul Hurd* and *Blanton F. Messick,* both of Topeka, were on the briefs for the State Commission of Revenue and Taxation, as *amici curiae.*

The opinion of the court was delivered by

Thiele, J.: This was an action in which The Hitch Land & Cattle Company, a taxpayer, hereafter referred to as either the plaintiff

or the company, sought a declaratory judgment as to the proper method of assessing real estate for taxation and for the recovery of taxes paid under protest. The trial court rendered judgment in favor of the plaintiff and the defendant appeals.

Stated chronologically, the pleadings disclose that prior to November 14, 1944, one Fred Koch owned the entire fee simple estate in 960 acres of land in Seward county which need not be specifically described. On the above date he conveyed the lands to the company reserving to himself, his heirs and assigns, all of the oil, gas and other minerals, the deed being duly recorded on November 29, 1944. Thereafter the register of deeds certified the mineral reservations to the county clerk who listed, valued and assessed the mineral rights for the year 1945, separate and apart from the fee, and the taxes thus assessed were paid. All real estate was subject to valuation and assessment in 1946, and in that year the assessor valued and assessed the mineral interests, and further valued the company's interest in the real estate at $5.00 per acre. The company was not satisfied with the valuation and appealed to the board of county commissioners sitting as a board of equalization and contended that the assessor, in making the valuation and assessment, had not made any allowance or deduction of the outstanding mineral interests but had valued the company's lands at the same value as surrounding and adjacent lands of like kind and quality where the entire fee, including surface and mineral rights, was in one owner and that the valuation was unequal, unfair, unjust, grossly excessive and resulted in an illegal tax upon its property and a greater burden than upon similar other property. The county board denied the company relief and it appealed to the state commission of revenue and taxation as the state board of equalization. Prior to the hearing before the latter commission, the company and the board of county commissioners entered into and filed a written stipulation, in which it was stated, among other things not necessary to note, that all nonproducing minerals, where completely or partially separated from the surface, were assessed for the year 1946 upon the basis of $3.00 per acre, and:

"(4) That in assessing the lands of appellants the deputy assessor, County Assessor and the Board of Equalization of Seward County, Kansas, made no allowance for outstanding mineral interests, the lands of each of the appellants being assessed upon the same basis as surrounding lands of like kind and quality where the entire fee (surface and minerals) is intact in ownership in one person; that is to say, that the surface rights of appellants were assessed

at the same value as the entire fee (surface and minerals) in surrounding and adjacent lands of like kind and quality;

"(5) That in addition to the assessments of appellants surface rights the owners of the minerals underlying said lands were assessed upon the basis of $3.00 per mineral acre, making the total assessment upon each 160 acres of land involved in these appeals $480.00 more than total assessment upon adjacent and surrounding lands of like kind and quality where surface and mineral rights have not been separated;"

On September 27, 1946, the state board of equalization found that the company's lands were not assessed relatively higher than other property of like kind in the county and the facts did not justify a reduction of the valuation and assessment and it ordered that the appeal be denied. The record as abstracted does not disclose when the state board of equalization mailed its order to the company, but on December 26, 1946, the company paid the entire tax due under a written protest, the sufficiency of which is not questioned, alleging the total tax assessed was illegal in the amount of $54.11 (the amount of the tax attributable to the minerals). On January 6, 1947, the taxpayer company requested in writing a refund by the county of the tax paid under protest and on the same day the request was denied and rejected by the defendant.

The record as abstracted does not disclose the date the present action was commenced or when any pleading was filed. There is no complaint, however, the action was not begun in time.

In its petition, the plaintiff alleged at length the facts as to its ownership of the real estate, the method and manner of the assessment of its lands and of the mineral rights thereunder, and its contention as to the illegality of the assessment; that it had protested to the county board of equalization and later had appealed to the state commission of revenue and taxation, a copy of the stipulation filed with the latter board and its order being attached as a part of its petition, and that after its appeal was denied that it had paid the tax assessed against it under written protest and had requested a refund of the protested amount, a copy of the protest and of the request for refund being attached as part of its petition, and that an actual controversy existed between plaintiff and defendant as to the proper method and manner of assessment under the facts of the case, and it prayed for a judgment for the amount of the protested tax and for a declaration of law as to the proper method and manner of valuation and assessment for purposes of taxation

when the ownership of surface and mineral rights has been severed or separated.

In its answer the defendants denied generally but admitted all of the procedural matters and exhibits alleged and denied the assessment and valuation of plaintiff's lands were not uniform or were unequal, unfair, unjust, excessive or illegal. Defendant also alleged the facts about plaintiff's ownership of the lands, the assessment of the mineral interests in 1945 and the payment of tax thereon and the assessment of the mineral interests thereafter.

The plaintiff's reply admitted the facts as to ownership and alleged that after the separation of the surface and mineral rights, plaintiff's interest was not properly or legally assessed in that no reduction was made by reason of the outstanding mineral interests.

With the issues thus joined, on some undisclosed date the defendant moved for judgment in its favor upon the pleadings. The trial court heard this motion on January 10, 1955, when the cause was submitted upon "the files, pleadings and written briefs.", and taken under advisement by the trial court which on April 7, 1955, found, in substance, that the action was one for recovery of taxes paid under protest and for a declaratory judgment as to the proper manner and method of assessing real property for taxation purposes when the surface and mineral rights had been separated; that an actual controversy existed between the parties and the court had jurisdiction of the parties and the subject matter of the action; that under all the facts and circumstances as stipulated and as disclosed by the pleadings, the plaintiff should have judgment, and it ordered and decreed that plaintiff should have judgment for the sum of $54.11 and

"(b) That in valuing lands for taxation purposes such valuations should include the minerals when they are owned by the same person who has the fee to the surface; but when the minerals have been partially or wholly separated from the fee and separately taxed, as provided by law, then the owner of the fee would be taxed only according to the value of his remaining interest in the land, and in valuing such lands for taxation purposes the defendant, its officers and agents, shall proceed in good faith accordingly; and

"(c) That the costs of this action are taxed to defendant."

In due time the defendant perfected its appeal to this court.

Unless otherwise indicated our references to statutes are by chapter and section number as they appear in the General Statutes of 1949. The gist of appellant's argument is that under Art. XI, Sec. 1, of our state constitution the legislature shall provide a uniform and

equal rate of taxation, and that by 79-401 the legislature provided for the listing and valuation of real estate (and by 79-501 that each parcel of real property shall be valued at its true value in money to be determined by the assessor from actual view and inspection); that under 79-1601 the board of county commissioners shall constitute the county board of equalization, with duties prescribed in 79-1602, which need not be detailed here; that among other powers the state commission of revenue and taxation, under 79-1404, shall exercise general supervision over township assessors, boards of county commissioners, county boards of equalization and others to the end that all assessments of real property be made relatively just and uniform; that provision is made for a taxpayer to present his grievance to the county board of equalization, 79-1602, *Fifth*, and for relief by action of the state commission of revenue and taxation, 79-1702. Appellant makes no contention that appellee did not properly pursue its remedies under the above statutes, but it contends that a court will not substitute its judgment for that of the assessor or the board of equalization as to the valuation and assessment of real property (*e. g., Symns v. Graves*, 65 Kan. 628, 70 Pac. 591, and *Hodgins v. Shawnee County Comm'rs.*, 123 Kan. 246, 255 Pac. 46); that in the absence of fraud or conduct which is equivalent of fraud, on overvaluation of property, the courts will not enjoin the collection of taxes; that the statutes provide that irregular and excessive assessments may be corrected before a board of equalization, and in the absence of fraud, the decision of the statutory board is final (See, *e. g., Benn v. Slaymaker*, 93 Kan. 64, 143 Pac. 503, where it was held that an assessment is not deemed fraudulent merely because it is excessive.). Appellant also directs attention to 79-420 which makes provision for taxation where the fee is in one person and the right to the minerals is in another, and for the separate taxation of the minerals and to cases arising under that statute holding it to be constitutional and that minerals are real estate and when the owner does not have the fee they should be separately assessed and taxed. (*Mining Co. v. Crawford County*, 71 Kan. 276, 80 Pac. 601.) Appellant directs attention to the finding of the state commission that the lands of the appellee were not taxed at a greater rate than those of others of like kind and quality; and that the exclusion of one item (value of minerals) contended for by the appellee ignores the complete and entire picture of taxation and places too much emphasis on appellee's desires as a basis

for valuation; that the courts can in no event fix a value of property for taxation; that the court's only function is to determine whether the valuation was arbitrarily or unreasonably made or oppressive or discriminatory and not to substitute its judgment for that of the taxing bodies (See, *e. g., Miller Investment Co. v. Sedgwick County Commrs.,* 151 Kan. 246, 98 P. 2d 109, and *Union Pac. Rld. Co. v. State Tax Comm.,* 145 Kan. 715, 68 P. 2d 1, and cases cited). On the basis of the contentions of law made, appellant contends the trial court erred in its conclusions and judgments.

The gist of appellee's contention there was no error is that appellee and appellant were in disagreement as to the proper method of valuation for tax purposes and whether lands from which the minerals had been severed were to be valued in the same amount as lands of like quantity and quality where there had been no severance; that it was entitled to have a declaratory judgment to settle the disagreement, and to have relief for the amount unlawfully exacted from it by reason of what it contends was an unlawful valuation and consequent assessment; that the trial court's declaration of law as to valuation of real estate for the purposes of taxation where G. S. 1949, 79-420, is involved, is in accord with and is supported by our former decisions (See *e. g., Mining Co. v. Crawford County,* supra; *Gas Co. v. Neosho County,* 75 Kan. 335, 89 Pac. 750; *Robinson v. Jones,* 119 Kan. 609, 240 Pac. 957; *Hushaw v. Kansas Farmers Union Royalty Co.,* 149 Kan. 64, 86 P. 2d 559; *Medford v. Board of Trustees of Park College,* 162 Kan. 169, 175 P. 2d 95, and cases cited in the above); that while the court may not fix the value of property for purposes of taxation, it does have the power to determine whether the valuation was arbitrarily or unreasonably made (*Union Pac. Rld. Co. v. State Tax Comm.,* supra); that the record discloses the valuation was arbitrarily and unreasonably made and in violation of law and the trial court did not err in so finding and in rendering judgment for appellee.

Although there is some criticism in the brief of appellant, as well as in the brief filed by the state commission of revenue and taxation as *amicus curiae,* of the declaration of law made by the trial court as to the proper method of assessment, it being said, in effect, that it declares, says or means that the assessor must determine the value of the entire fee and to determine the value of the surface must deduct from the value of the entire fee the value fixed for the severed minerals. We do not agree with that construction. Es-

sentially it declares that when the minerals have been severed and taxed the owner of the fee shall be taxed according to his interest, and in valuing that interest, the taxing officials shall proceed in good faith. As applied to the factual situation of appellee, we cannot say the declaration of the trial court was erroneous.

We find it unnecessary to make any review of the various statutes and decisions relied on by the appellant and to a considerable extent by the appellee for there is no doubt the rule is that a court will not substitute its judgment for that of the assessor or board of equalization as to the valuation of real estate for the purposes of taxation, and that it will not interfere in fixing of such valuation or in the collection of tax based upon the valuation fixed by the assessor or board of equalization in the absence of fraud or conduct which is the equivalent of fraud or of arbitrary, oppressive, unreasonable and discriminatory conduct by the taxing officers.

Upon the issues joined the appellant moved for judgment. We need not pause to discuss the rule as to admissions of pleaded facts made by such a motion for the district court was confronted with the allegations of the petition, admitted by the answer, that the appellee owned the fee or surface of lands, the mineral interests thereunder being reserved by its grantor, and that there had been a severance, and that the appellant and the appellee had stipulated in writing that in assessing the appellee's land the assessor and the county board of equalization had assessed the lands upon the same basis as surrounding lands of like kind and quality where there had been no severance and had placed the same value on appellee's surface rights as it placed on the entire fee, including both surface and minerals, in surrounding and adjacent lands of like kind and character. Under the facts thus stipulated, it is not open to argument that the valuations were not uniform but were determined in an arbitrary, oppressive and discriminatory way, and without regard to the law. It does not follow that the total of the valuations of the severed minerals and of the remaining fee must be exactly the same as the assessment of the entire fee where there has been no severance, but it does follow that, in lands of like kind and quality, the surface only of lands where there has been a severance may not be held to be of the same valuation as those where there has been none.

Insofar as the argument goes that a court will not give relief against a mere overvaluation, it may be remarked that the rule

assumes that proper methods have been followed and the over-valuation, if any, is a matter of the exercise of judgment. In the instant case we have a valuation fixed on a basis which is illegal, arbitrary and discriminatory. Under all of the decisions, a court may grant relief where fraud or conduct equivalent thereto exists or where the action of the taxing officials is illegal, arbitrary and discriminatory.

With reference to a contention the court was without power to place a valuation on appellee's land and compute the tax, it may be said that even though by reason of the manner in which the issue reached the trial court, appellant's allegations of fact, not admitted by the reply, could not have been considered, we note that actually no allegation was made in appellant's answer that the valuation of appellee's interest in the real estate was reached otherwise than as shown by the stipulation, or that the valuation made was otherwise a proper one. While viewed from one angle it might be said the trial court had to fix a valuation in order to determine the issue, it is more nearly correct to say that under the facts stipulated the valuation was too high in an amount equal to the valuation placed on the severed mineral interests, and all that was involved was a mere calculation.

The court feels impelled to say that the matters in controversy here should have been settled long ago. Over ten years have elapsed since the assessment was made and over nine years have elapsed since the appellee's protests were considered by the county board of equalization and by the state commission of revenue and taxation and since appellee paid his taxes under protest. Although the abstract does not disclose, this action must have been commenced in the early part of 1947. Public business should be more expeditiously handled. The court also feels impelled to say that because of the stipulation, a factual situation is presented different than has been considered in our former decisions only a part of which are cited above.

Appellant has not sustained the burden of showing the trial court erred in ruling on its motion for judgment on the pleadings, and the judgment is affirmed.