No. 44,534

BOARD OF COUNTY COMMISSIONERS OF SHAWNEE COUNTY, KANSAS: DAROLD D. MAIN, Chairman; and JOHN R. HILLER and RICHARD B. HANGER, Members, *Appellants*, v. SAM BROOKOVER, ROBERT E. LEE GRAHAM, PERRY OWSLEY and GEORGE D. WAGSTAFF, Members of the State Board of Tax Appeals and The Board's Attorney-Secretary, *Appellees*.

(422 P. 2d 906)

Opinion filed January 21, 1967.

*Sard Fleeker*, of Topeka, argued the cause and was on the briefs for the appellants.

*L. M. Cornish, Jr.*, of Topeka, argued the cause, and *Ralph F. Glenn, Jan W. Leuenberger, M. D. Bartlow* and *Edward B. Soule*, all of Topeka, were with him on the briefs for the appellees.

The opinion of the court was delivered by

HATCHER, C.: This is an appeal from an order of the district court denying the Board of County Commissioners of Shawnee County, Kansas injunctive relief from an order of the Board of Tax

Appeals of the State of Kansas directing a reappraisal of all the taxable real estate in Shawnee County.

There is no serious dispute as to the facts material to the issues to be determined.

On April 20, 1965, on complaint of a resident and taxpayer of Shawnee County, the Board of Tax Appeals issued an order to the County Board of Equalization of Shawnee County to appear on April 28, 1965, to show cause, if any it had, why it should not be directed to appraise all taxable real estate in the county, which is subject to a general property tax, uniformly and equally at thirty percent (30%) of its justifiable value pursuant to K. S. A. 79-1439.

Following the hearing, which was conducted at some length, the Board of Tax Appeals on May 12, 1965, entered its order which reads in part as follows:

"The assessment of taxable real estate in Shawnee County, Kansas, is not in substantial compliance with law and that the interest of the public will be promoted by reappraisal of such property.

"Now, THEREFOR, IT IS BY THE BOARD OF TAX APPEALS OF THE STATE OF KANSAS ORDERED that the Board of County Commissioners of Shawnee County, Kansas, shall designate a person or persons, with the approval of the State Board of Tax Appeals, to reappraise all taxable real estate in Shawnee County, Kansas at thirty percent (30%) of its justifiable value in accordance with the law.

"IT IS FURTHER ORDERED that the name or names of such persons or persons so designated by the Board of County Commissioners be submitted in writing to the State Board of Tax Appeals for approval on or before June 30, 1965."

There being no remedy by appeal from such an order, the Board of County Commissioners of Shawnee County filed a petition for injunction in the district court of such county alleging that the board's order was not supported by the evidence and constituted an act that was arbitrary, capricious, oppressive, illegal and so grossly contrary to the public interest as to constitute a constructive fraud. The prayer was for the usual injunctive relief.

A temporary injunction was granted pending the trial of the issues in the district court. At the conclusion of the trial the court found:

". . . the defendants have in all matters herein considered acted honestly and in good faith and free from any capricious, arbitrary, oppressive or unreasonable conduct."

Judgment was for defendants.

An exhaustive and comprehensive memorandum opinion was also filed.

The plaintiffs have appealed alleging numerous trial errors.

A brief discussion of the power of courts to review and control administrative orders of tax boards or commissions may tend to answer many of the issues raised by appellants.

Appellees do not dispute the appellants' contention that there is no right of appeal from the order in question. There being no right of appeal, judicial redress for illegal, fraudulent or oppressive conduct by the administrative board may be invoked through one of the appropriate extraordinary legal remedies consisting of injunction, mandamas or quo warranto. (*State, ex rel., v. Davis,* 144 Kan. 708, 710, 62 P. 2d 893; *City of Kansas City v. Jones & Laughlin Steel Corp.,* 187 Kan. 701, 360 P. 2d 29.)

The entire matter of taxation is legislative and does not exist apart from statute. (*Ness County v. Light & Ice Co.,* 110 Kan. 501, 204 Pac. 536; *Crawford County Comm'rs v. Radley et al.,* 134 Kan. 704, 8 P. 2d 386; *Shell Oil Co. v. Board of County Comm'rs,* 165 Kan. 642, 197 P. 2d 925; *Ray v. Board of County Comm'rs,* 173 Kan. 252 P. 2d 899.) The assessment and valuation of property has always been considered an incident to the taxing power. (*Auditor of State v. Atchison, T. & S. F. R. Co.,* 6 Kan. 500; *Comm'rs of Wyandotte Co. v. Abbott,* 52 Kan. 148, 160, 34 Pac. 416.)

The constitution of the State of Kansas provides:

"The legislature shall provide for a uniform and equal rate of assessment and taxation. . . ." (Art. 11, § 1.)

As the power of taxation is a legislative function and the legislature is specifically charged with providing an equal rate of assessment it also has the authority to provide the means and agencies for enforcing its responsibility. (*Silven v. Osage County,* 76 Kan. 687, 689, 92 Pac. 604.) The legislature has spoken on the matter of valuation and assessment. K. S. A. 79-1439 provides:

"From and after January 1, 1964, all real and tangible personal property which is subject to general property taxes shall be assessed uniformly and equally at thirty percent (30%) of its justifiable value, as hereinafter defined and provided."

The legislature also provided when a reappraisal of properties within a county should be made. K. S. A. 79-1413a reads in part:

"Whenever, upon complaint made to the state board of tax appeals by the county assessor, or by any deputy assessor, or by the director of property

valuation, or by the board of county commissioners, or by any property tax-payer, and a summary proceeding in that behalf had, it shall be made to appear to the satisfaction of said state board that the assessment of taxable real estate and tangible personal property in any county is not in substantial compliance with law, and that the interest of the public will be promoted by a reappraisal of such property, said board of tax appeals shall order a reappraisal of all or any part of the taxable property in such district . . ."

Matters of valuation and assessment are administrative in char-acter and a determination of the Board of Tax Appeals acting within its legislative authority, when fairly and honestly made, is final and courts will not interfere so as to usurp the board's function or sub-stitute their judgment for that of the board. (*Anderson v. Dunn,* 180 Kan. 811, 815, 308 P. 2d 154; *Hitch Land & Cattle Co. v. Board of County Commissioners,* 179 Kan. 357, 361, 295 P. 2d 640.)

Before the courts will interfere the conduct of the board must be without authority or so arbitrary or unreasonable as to amount to fraud. (*Bank v. Geary County,* 102 Kan. 334, 170 Pac. 33, and see cases previously cited.) It will also be understood that in the absence of substantial evidence to the contrary it will be presumed that the board responsible for the reappraisal of property for taxa-tion purposes acted in good faith.

With these elementary principles of law behind us we shall pro-ceed to review the alleged errors raised by appellants.

They first contend that the notice sent out by the appellees for the hearing on the question of reappraisal of real property in Shaw-nee County was not addressed to the parties designated by K. S. A. 79-1413a.

We find no place in the record where it appears this question was raised in the court below. It does appear definitely that the question was not included in the statement of points relied on for reversal.

Rule No. 6 (*d*) of this court (191 Kan. xiv) provides in part:

"Each appellant shall serve and file with his designation of the record a concise statement of the points on which he intends to rely and which will be briefed in the appeal. . . . An issue may be raised in the statement of points regardless of whether a motion for a new trial was filed; but no issue, other than an issue going to the jurisdiction of the court over the subject matter of the litigation, may be briefed or will be considered on the appeal unless included in the statement of points. . . ."

The rule definitely states that an issue, other than one of juris-diction, will not be considered an appeal "unless included in the statement of points." This is necessarily so. It is only from the

appellants' statement of points that the appellees can make a determination of what should be designated in the record. The inclusion of an alleged error in the statement of points is a prerequisite to its consideration on appeal.

The record does not show who was given notice. It may be stated, however, that because of the importance of the question before us we have searched the record and find that all necessary parties, including the county assessor and members of the board of county commissioners, were present and participated in the hearing. There is no showing that their participation was in any way hampered by lack of notice.

The appellants next complain that evidence was submitted to and received by the trial court which was not presented at the hearing before the Board of Tax Appeals. They contend that where the charge is arbitrary and capricious conduct because the order is contrary to the evidence the trial court should confine its consideration to the evidence presented to the board.

We are inclined to agree with appellants' statement of the general proposition if accompanied by proper exceptions and limitations.

Where a complete record is made by an administrative board at a hearing where all parties had a full opportunity to present their evidence and its resulting order is challenged in the district court as arbitrary and capricious because contrary to the evidence, bad faith is not indicated by evidence which was not before the board for consideration at the time its decision was made. By the same token a board should not be permitted to defend under such circumstances by evidence subsequently discovered.

However, the rule is not applicable to the additional evidence received in this case. The appellants complain of a map as the "most glaring example" of evidence received by the court which had not been produced at the hearing before the board. The map depicted the counties which had complied or were complying with the order of the Board of Tax Appeals for reappraisal of property for taxation purposes. The form of showing the fact is not material.

The evidence was for the purpose of refuting appellants' claim that the Board of Tax Appeals "was actuated by improper motives" in selecting Shawnee County for reappraisal. This issue was not presented to the board at the original hearing and, therefore, extraneous evidence was necessary to refute it.

The appellants also complain that the Board of Tax Appeals con-

sidered matters that were not presented at the hearing. All of the matters to which the objection is directed are public records of the Board of Tax Appeals or its related departments and are facts which may be judicially noticed. Judicial notice may be taken of matters of public record in the offices of administrative bodies. (*Cities Service Gas Co. v. State Corporation Commission,* 192 Kan. 707, 714, 391 P. 2d 74; K. S. A. 60-409 [*b*] [4].)

It is contended that the board had predetermined the question and the hearing was a mere formality. It may be suggested that the commission should, and no doubt did, make some investigation before putting the parties to expense and the use of their time at a formal hearing. However, no predetermination is indicated. The statement of the trial court in its memorandum opinion quite properly disposes of the contention.

". . . There is no showing that the result had been predetermined or that the State Board had determined to or did exclude from its consideration any matters of evidence or argument offered by the County. On the contrary, the transcript of the proceedings at the hearing indicates an orderly procedure reasonably free from acrimony and hostility that sometimes characterizes hearings before nonjudicial bodies. The attitude and expressed concern of the State Board concerning the matter at hand indicates conscientious public officials. As plaintiff and one asserting the affirmative claim of wrongful conduct, the burden is on plaintiff in this action to establish the same. The record is devoid of proof that the State Board acted other than honestly and in good faith."

The contention of the appellants that the evidence was not sufficient to show noncompliance with the statutory requirement that property of the county be appraised at thirty percent (30%) of the justifiable value, is also sufficiently answered by a statement of the trial court—

"The record made before the Commission together with the matters of judicial notice, the details of which need not be repeated here, is sufficient to support the determination made by the State Board. Even though there were statements made at the hearing that the property was assessed at such justifiable value, the circumstance remains that this served to create a disputed question of fact before the State Board. When such condition exists such dispute has to be resolved, but it is the determination of the administrative body charged with that responsibility and not that of the Court that controls in a case of this kind, even though the Court as the trier of fact might have reached a different conclusion. The determination made by the body with whom the legislature has vested that responsibility must stand so long as it is based upon substantial competent testimony and is made honestly and in good faith. On the record before the Court in this case, the Court concludes that such was the result here."

At this point appellants also suggest that ratio studies as provided

for by K. S. A. 79-1436 are not proper evidence of justifiable value as that term is used in K. S. A. 79-501 which reads in part:

"Each parcel of nonexempt real property shall be valued at its justifiable value in money, the value thereof to be determined by the assessor from actual view and inspection of the property; but the price at which such real property would sell at auction or forced sale shall not be taken as the criterion of such justifiable value. . . . All such real and tangible personal property shall be assessed at thirty percent (30%) of its justifiable value."

and K. S. A. 79-503 which provides the factors for determining justifiable value.

We cannot agree with appellants' suggestion. The sale price of real estate given by a willing purchaser to a willing seller is substantial evidence of the value of such real estate for appraisal purposes, although it may be proper to consider other factors mentioned in K. S. A. 79-503 such as inflation. We do not believe that the legislature in changing the words "true value" to "justifiable value" in the 1963 amendment (now K. S. A. 79-501) had anything in mind but a fair and reasonable value for taxation purposes. We are impressed, as was the trial court, by the opinion of Honorable A. K. Stavely written for the attorney general, which reads:

"The whole purpose, both of the old law and the new, is to arrive at a fair and equitable value of property for the purpose of taxation and we are unable to see any great difference between 'justifiable value' and 'actual value in money' and 'true value in money.' Attorney General's Opinion No. 63-62, August 6, 1963."

The appellants last contend that the order for reappraisal did not meet the requirements of K. S. A. 79-1413a that public interest be promoted by the reappraisal.

Appellants would unduly restrict the "public interested" by confining it to Shawnee County. The Board of Tax Appeals is charged with statewide equalization. Although county equalization is a concern of the board, all property owners of the state are interested in equality of assessment in all counties. The state as a whole comprises a taxing unit for the purpose of levy and collection of state general taxes. The constitutional requirement of uniformity in taxation requires equality in assessment in each taxing unit. (*State, ex rel., v. Hayden,* 197 Kan. 199, 416 P. 2d 61.)

We are forced to conclude that public interest not only requires equality of assessment for taxation as between property owners within a county but also as between property owners of the state.

In connection with their argument that no public interest exists

it is suggested the expense of reappraisal would not be in the interest of the taxpayers of Shawnee County.

We are not informed as to the cost but, be that as it may, the entire matter is a question of policy for the determination of the legislature. It is for the legislature, not the courts, to determine how, when and under what circumstances an appraisal of property shall be made for tax equalization purposes. Any relief in this regard must be obtained from the legislature.

A careful examination of the record discloses nothing that would affect the validity of the lower court's judgment.

The judgment is affirmed.

APPROVED BY THE COURT