(853 P.2d 62)

No. 68,144 [1]

WOLF CREEK GOLF LINKS, INC., *Appellant,* v. BOARD OF COUNTY COMMISSIONERS, COUNTY APPRAISER, COUNTY TREASURER, AND COUNTY CLERK OF JOHNSON COUNTY, KANSAS, *Appellees.*

Opinion filed February 5, 1993.

*Bruce F. Landeck* and *Robert Lytle,* of Bennett, Lytle, Wetzler, Winn & Martin, of Prairie Village, for appellant.

*Rebecca A. Sanders* and *Robert A. Ford,* assistant county counselors, for appellees.

Before ELLIOTT, P.J., RULON, J., and TERRY L. BULLOCK, District Judge, assigned.

RULON, J.: This is an appeal from a district court decision in which the court adopted and affirmed a decision of the State Board of Tax Appeals (BOTA) regarding the appraised value of petitioner's land and improvements for tax year 1989 for ad valorem tax purposes. This appeal is authorized and governed by the provisions of K.S.A. 77-601 *et seq.,* the Act for Judicial Review and Civil Enforcement of Agency Actions (KJRA).

Petitioner, Wolf Creek Golf Links, Inc., argues the BOTA and court decisions were arbitrary, capricious, and unreasonable and not supported by substantial competent evidence in that said decisions failed to apply relevant and credible evidence introduced by petitioner concerning the sales of comparable golf

courses, the cost and condition of the subject land, and improvements and other factors relating to valuation as prescribed in K.S.A. 79-503a. We affirm.

Additional facts will be stated only as they relate to the issues in this appeal.

## STANDARD OF REVIEW

Our scope of review is set out in K.S.A. 77-621. Under the KJRA, the scope of review is somewhat broader than the traditional three-pronged scope of review set forth in *Kansas State Board of Healing Arts v. Foote*, 200 Kan. 447, Syl. ¶ 1, 436 P.2d 828 (1968). *In re Tax Appeal of A.M. Castle & Co.*, 245 Kan. 739, 741, 783 P.2d 1296 (1989). Even so, the standard of review of findings of fact and conclusions of law is well known. "The court must determine if the findings are supported by substantial competent evidence and whether they are sufficient to support the trial court's conclusions of law." *Army Nat'l Bank v. Equity Developers, Inc.*, 245 Kan. 3, 19, 774 P.2d 919 (1989).

"[An appellate] court may not try a case de novo or substitute its judgment for that of an administrative agency. A rebuttable presumption of validity attaches to all actions of an administrative agency and the burden of proving arbitrary and capricious conduct lies with the party challenging the agency's actions. [Citation omitted.]" *Kaufman v. Kansas Dept. of SRS*, 248 Kan. 951, 961, 811 P.2d 876 (1991).

## SUBSTANTIAL COMPETENT EVIDENCE

Petitioner contends that the BOTA order is arbitrary and capricious because it is not based on substantial evidence in the record. "Arbitrary or capricious conduct may be shown where an administrative order is not supported by substantial evidence. [Citations omitted.] 'Substantial evidence' is evidence which possesses both relevance and substance, and which furnishes a substantial basis of fact from which the issues can be reasonably resolved. [Citation omitted.]" *Kansas Racing Management, Inc. v. Kansas Racing Comm'n*, 244 Kan. 343, 365, 770 P.2d 423 (1989).

### Flood Plain Acreage

Petitioner argues for a reduction in value based in part on evidence that the flood plain covers 75 acres rather than the 65 acres claimed in the appraisal report. The flood plain evidence

consists of a videotape of the golf course after heavy rainstorms and an aerial photo of the Wolf Creek property.

Stephen R. Hughes performed the professional appraisal for petitioner. Mr. Hughes is a member of the American Institute of Real Estate Appraisers and has worked in real estate since 1981. He has extensive education in business and real estate appraisal. The appraisal was completed over a six-month period, and it was then determined that the flood plain covered 65 acres of petitioner's property.

Additionally, Agnes Ely, chief commercial appraiser for Johnson County, stated that the flood plain map used in the appraisal was from the Army Corps of Engineers. While petitioner claims its evidence is unrefuted, the county's appraisal was entered into the record as County Exhibit #1. This appraisal concludes that 65 acres of the property are in the flood plain, and includes a discussion of the relevance of this to the value of the land.

It is the work of the factfinder to determine which of the conflicting data was more trustworthy—the testimony of the general manager and golf pro of petitioner or the data from the professional appraisal and the testimony of the county commercial appraiser. We are satisfied that it was not arbitrary or capricious for the factfinder here to find the flood plain information contained in the county's evidence was substantially more competent than that provided by petitioner.

## Comparable Sales

Petitioner offered as evidence the sale of two golf courses in Kansas: Paganica/Highlands in Hutchinson and Tallgrass County Club in Wichita. The president of Wolf Creek, Inc., testified that both of these golf courses were superior to Wolf Creek, and yet sold for less than the appraised value of Wolf Creek (Paganica/Highlands for $575,000, Tallgrass for $900,000). As we understand, petitioner offered this evidence because it was not considered in the appraisal. However, the county's chief commercial appraiser testified that she was aware of both transactions and did not consider them to represent fair market value.

There was also testimony that these were "distress sales." Paganica/Highlands was sold at auction in 1987 by the F.D.I.C.

BOTA noted that under K.S.A. 79-503a, this auction sale would not be considered fair market value.

Because Tallgrass was on the verge of foreclosure, its sale was also considered by BOTA as a distress sale. The golf course was originally bought together with an inn, with the purchaser only interested in the inn. The golf course was then sold. Tallgrass is located in Sedgwick County. The commercial appraiser for Johnson County testified that she would not consider either sale to represent fair market value.

The professional appraiser relied on by the county considered sales of golf courses in the Kansas City metropolitan area—those in operation and also those under construction. The appraisers consulted *Golf Courses, A Guide To Analysis and Valuation* published by the American Institute of Real Estate Appraisers, 1980. In using the direct sales approach, the appraisal considered over 70 golf courses throughout the United States and narrowed the analysis to golf courses of comparable market and property characteristics, including several in the Kansas City area.

The evidence on direct sales contained in the appraisal is substantial and competent. We are unable to conclude BOTA was arbitrary or capricious in deciding to adopt the testimony of the chief county commercial appraiser and the professional appraisal report over the testimony offered by petitioner.

### 1977 Wolf Creek Acquisition

Petitioner claims the 1977 purchase price of Wolf Creek at $1.1 million should be given substantial weight in determining a 1989 property value of $1.2 million.

Petitioner cites *Board of County Commissioners v. Brookover*, 198 Kan. 70, 422 P.2d 906 (1967), for the proposition that the sale price should be given considerable weight in determining present fair market value. Although the *Brookover* court did state that sale price is substantial evidence, it also stated that it may be proper to consider other factors, such as inflation. 198 Kan. at 77. Here, the professional appraisal noted that the Wolf Creek sale price should be adjusted upward for time. BOTA found an increase over 12 years from $1.1 million to $1.5 million is more realistic and reasonable.

Petitioner essentially claims all this court has before it is Wolf Creek's unrebutted evidence on the flood plain acres, comparable sales, and the owner's opinion of the property value. The record indicates otherwise. The county did enter into evidence the professional appraisal, which has evidence contrary to petitioner on the flood plain, several additional comparable sales, and an opinion of the property value of $1.5 million. The chief commercial appraiser for the county did testify on the flood plain and contradicted petitioner's testimony on the sales of Paganica/Highlands and Tallgrass golf courses.

BOTA's reliance on the professional appraisal report is not arbitrary or capricious.

Affirmed.