The Honorable Bill Wisdom State Senator, 6th District 1915 S. 29th St. Ct. Kansas City, Kansas 66106
Dear Senator Wisdom:
You request our opinion regarding the propriety of using the real estate ratio study provided for by K.S.A. 1993 Supp. 79-1485 et seq. as the documentation of "substantial and compelling reasons" required by K.S.A. 1993 Supp. 79-1460 (c) for increasing the value of property in the year after its value is determined pursuant to a valuation appeal. You also inquire whether real estate commissions should be considered in arriving at the sale price for purposes of the ratio study.
Pursuant to K.S.A. 1993 Supp. 79-1476, county appraisers are charged with appraising all real property in their respective counties in accordance with guidelines and timetables prescribed by the director of property valuation and of updating those appraisals on an annual basis. Valuations are to be established for each parcel of real property at its fair market value, as defined in K.S.A. 1993 Supp. 79-503a. K.S.A. 1993 Supp. 79-1476, 79-1439(a). While real property appraisals are to be updated annually, the appraiser need only view and inspect each parcel once every four years. K.S.A. 1993 Supp. 79-1476. For certain designated tax years, however, appraisers are precluded from increasing the value of any real property, other than that devoted to agricultural use, without conducting a specific review of the valuation, including a physical inspection of the property, and maintaining a copy of the record of the review including documentation of the increase. K.S.A. 1993 Supp. 79-1460. Further, for the tax year following that in which the valuation for property was reduced pursuant to a final determination made through the valuation appeals process, appraisers much show documented substantial and compelling reasons for any increase. K.S.A. 1993 Supp.79-1460(c). Your question regarding use of the real estate ratio study as documentation supporting an increase in property values relates to this last requirement. (We note that in the sample valuation notice you have provided, the appraised and assessed values are the same for the two tax years shown; i.e. no increase was made. We are therefore unclear as to why this sample was given. K.S.A. 1993 Supp. 79-1460 does require the notice to include the county sales ratio information except in certain specific instances. This does not mean the information was used as the basis for determining the values reflected by the notice. We also note that K.S.A. 1993 Supp. 79-1460, 79-1476 and certain of the real estate ratio study statutes were amended in the 1994 session of the legislature, but those amendments do not take effect until July 1, 1994 and thus are not applicable for purposes of this request. 1994 Senate Bill No. 542.)
The real estate ratio study is provided for by K.S.A. 1993 Supp. 79-1485et seq. The purpose of the real estate ratio study act is "to provide statistical information regarding the relationship of the appraised value to the selling price of real estate which has sold during the study year and the relative level of uniformity of appraisal within and among counties. . . ." K.S.A. 1993 Supp. 79-1485. It is the duty of the director of property valuation to "obtain all information relating to each sale of real estate as the director shall deem necessary" and "determine the average ratio of real estate sales and the coefficient of dispersion for each classification of property in each county." K.S.A. 1993 Supp. 79-1488. The term "ratio" is defined as "the numerical relationship between the appraised or assessed value and the selling price." K.S.A. 1993 Supp. 79-1486(f). These referenced provisions essentially mirror those of the preceding assessment-sales ratio study act, K.S.A. 79-1435 et seq. (Ensley 1989). Use of studies done under the predecessor act for determining property values was the subject of several Kansas Supreme Court opinions which consistently concluded that while ratio studies may be used as evidence of the value of property, such evidence is not conclusive. Panhandle Eastern Pipe Line Co. v. Dwyer,207 Kan. 417, 423 (1971); Cities Service Oil Co. v. Murphy, 202 Kan. 282,292 (1968); Board of County Commissioners v. Brookover, 198 Kan. 70, 77
(1967). In Panhandle Eastern the court noted the passage of K.S.A.79-503(j) [now codified at 79-503a(k)] in 1969 providing that "[t]he ratio study shall not be used as an appraisal for appraisal purposes." The court stated: "It would at least indicate the legislature was not out of harmony with the decisions of this court. There are too many speculative elements involved and too few properties are subject to sale for the ratio study to be relied on for appraisal purposes. It may, however, serve as a signal that a reappraisal is in order."207 Kan. at 423. Thus, while the ratio study may be used as evidence that property should be reappraised, it is not conclusive evidence of the value of property; all the factors listed in K.S.A. 1993 Supp. 79-503a
must be considered when valuing real property. See Attorney General Opinion No. 92-12; Garvey Grain, Inc. v. MacDonald, 203 Kan. 1 (1969);Board of Johnson County Comm'rs v. Greenhaw, 241 Kan. 119, 126 (1987).
You further inquire whether any real estate commission should be added to the sale price of real property for purposes of the ratio study. The statutes do not specify how the sales price is to be determined. However, the Standard on Ratio Studies, approved and adopted by the International Association of Assessing Officers in July of 1990, contains the following guidance:
 "Adjustments to sales prices should not be made for real estate sales and brokerage commissions: closing costs such as attorney's fees, transfer taxes, and title insurance: and current or delinquent property taxes. Exceptions to this general rule occur when the buyer agrees to pay real estate commissions and delinquent property taxes, in which case the amounts of the payment should be added to the sale price." Standard on Ratio Studies sec. 6.5.5 (1990).
It is our understanding that this standard is generally accepted in the appraisal industry and we therefore use it as the basis of our conclusion.
To summarize, the real estate ratio study provided for by K.S.A. 1993 Supp. 79-1485 et seq. may be used as evidence of fair market value but such evidence, standing alone, is not conclusive; the factors listed in K.S.A. 1993 Supp. 79-503a must be considered in arriving at fair market value. Adjustments to sales prices in the ratio study should not be made for real estate sales and brokerage commissions except when the buyer agrees to pay such commissions.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm